ALBANY,
August, 1811.

KAIN and others, Executors of RHEA, *against*
OSTRANDER.

KAIN
v.
OSTRANDER.

THIS was a special action on the case brought by the plaintiffs, as executors of *David Rhea*, deceased, late sheriff of the county of *Ulster*, against the defendant, as gaoler, for *voluntarily* suffering a prisoner, in custody on a *ca. sa.* to escape.

*It seems, that a special action on the case will not lie against a gaoler, at the suit of the sheriff, for a negligent escape; but that the gaoler is answerable to the sheriff only in an action of assumpsit, on his implied undertaking to serve the sheriff with diligence and fidelity.*

The first count in the declaration stated, that on the 1st of *August*, 1801, one *M'Kenny* was arrested on a *ca. sa.* for 327 dollars and 33 cents, at the suit of one *Dodge*, by *Henry Sleght*, then sheriff of the county; and on the 4th of *December*, 1804, *M'Kenny* was assigned, with the other prisoners, by *Sleght* to *Rhea*, who had been appointed sheriff in his stead. On the 10th of *August*, 1805, *Rhea* appointed the defendant gaoler, who had the custody of the prison, and continued gaoler, until the 11th of *June*, 1807, and during that time the defendant, as gaoler, kept and detained *M'Kenny* in his custody in prison, in execution on the said suit, until the defendant, on the 22d of *August*, 1805, *voluntarily* permitted the said *M'Kenny* to escape.

The second count stated, that while the defendant was so gaoler, &c. and unmindful of his duty, &c. *M'Kenny* escaped without license, and against the will of the sheriff, *Rhea*, and without the license or will of the plaintiff in the execution, or any legal authority whatever. In consequence of which the testator, *Rhea*, as sheriff, was, by due course of law, obliged to pay a large sum of money, &c.

The declaration contained similar counts for the escape of other prisoners from the gaol, while in the custody of the defendant, as gaoler. The defendant pleaded the general issue.

The prisoners made their escape, by boring through the floor in a corner of the room in which they were confined, and having made a breach, which was concealed by a bed, they got into the cellar, and passed through several doors in the cellar, which were open, and ascended into the hall, and passed by a back door into the yard, and then effected their escape. The prisoners were employed eight days in making the hole in the room through which they got into the cellar. On the day of the escape the defendant was absent, at a place about 20 miles distant from the gaol, and it did not appear that he had examined the gaol during eight days previous to the escape; but one of the witnesses testified that *Rhea*, the sheriff, had, during that time, repeatedly examined the gaol.

At the trial of the cause, at the *Ulster* circuit, in 1810, before Mr. Justice *Yates*, the plaintiffs were nonsuited.

A motion was made to set aside the nonsuit, and for a new trial. The points raised for the consideration of the court were; 1st. Whether if an action could be maintained by a sheriff against his gaoler, for a negligent escape, such action would survive to the executors of the sheriff?

2. Whether a sheriff can maintain this action against his gaoler for a negligent escape? If so, the fact as to such escape ought to have been left to the jury.

*Hawkins*, for the plaintiffs. 1. The executor represents the person of the testator, in regard to all his contracts, and can maintain such action as the testator could have done in his life-time. Even in regard to *torts*, it was held in *Hambly* v. *Trott*,* that an action would lie against the executor, if property is acquired, or the estate is benefited.(a)

* *Cowp.* 173.
376. *T. Raym.*
71. *Dyer*, 271.
322.

(a) See *Franklin* v. *Low* and *Swartwout*, (1 *Johns. Rep.* 396. 404. Opinion of *Livingston*, J.) See also *Adair* v. *Shaw*, (1 *Sch. & Lef. Rep.* 264.) *Saville*, 240. *Cro. Car.* 539. 1 *Dick. Rep.* 215. 1 *Vesey*, 564.

The duty of the gaoler arises under an implied con-  ALBANY,
tract, for the breach of which an action lies, and which  August, 1811.
survives to the executor.

KAIN
v.
2. The sheriff is required, by statute, to appoint a  OSTRANDER.
gaoler. It is a hiring, and the gaoler is the servant of
the sheriff. Upon every contract of hiring, there is an
implied undertaking, on the part of the servant, that he
will serve his master with diligence and fidelity; and if
the master sustains any injury, by reason of the negli-
gence or misconduct of his servant, the master may
maintain an action against his servant which may be *as-
sumpsit*, or on the *case*, in *tort*, to recover a compensa-
tion.*	An escape from the gaoler is, by intendment of  * *Comyn on Con-*
law, an escape from the sheriff, who is held responsible.  *tracts*, 226.
A gaoler is like a common carrier, and is answerable for
the safe keeping of the persons committed to his custo-
dy.†	As to the fidelity and vigilance of the gaoler, that  † 4 *Co.* 84.
was a question of fact for the jury to decide; and there  *Southcote's case.*
was sufficient evidence of negligence to let the cause go  1 *Salk.* 18. See
to a jury.  *Cameron v. Rey-*
  *nolds, Cowp.*
  403. 405. *Stew-*
  *art v. Kip,*
  5 *Johns. Rep.*
  256. 258.

*Sudam*, contra. If an action of *tort*, for an escape, can-
not be brought against the executor of a sheriff, it would
seem to follow that the executor of a sheriff cannot main-
tain an action of *tort* against the *gaoler* for an escape.
This action is not founded on an implied *assumpsit*, but
on a negligent escape.

In the cases which have been cited, the question was
between the creditor or party in the suit, and the sheriff or
gaoler. In *Cameron* v. *Reynolds*, it was settled, that an
action for a breach of duty, in regard to the office of she-
riff, must be brought against the *high sheriff*, and not
against his deputy. The case of *Martyn* v. *Blithman*‡  ‡ *Yelv.* 197.
is the only case to be found of an action against the *gaoler*
for an escape, and that was on a commitment in execu-
tion to the gaoler, by the mayor of *Plymouth*. In the case

ALBANY,
August, 1811.

KAIN
v.
OSTRANDER.

\* *Cro. Eliz.* 349.
See also 2 *Lev.*
159  2 *Jones*, 62.
2 *Mod.* 124.

† *Bac. Abr.
Sheriff,* (H.) s.
2. *Dalt. Sheriff*,
445. 2 *Keble*,
352. *Impey's
Sheriff*, 509.

of *Baldry* v. *Johnson*,\* it was decided, that the plaintiff could not maintain an action against the *gaoler* for the escape of the debtor;(a) and the case of *Atterton* v. *Harward* shows that an action of *tort* will not lie by a sheriff against his *bailiff* for an escape. The sheriff is liable, as a *tortfeasor*, to the creditor; the present is an action by one *tortfeasor* against another *tortfeasor*.

The sheriff must take security from his deputies and gaoler;† and his proper remedy is on the bond given for security. There can be no contribution between *tortfeasors*. There is no case to be found of an action on the case brought by a sheriff against his gaoler, for an escape.

But, independent of any question of law, the plaintiff was not entitled to recover, for there was no evidence of any culpable negligence on the part of the defendant. A gaoler is not to be responsible for a forcible breaking of the gaol, and a consequent escape.

*Per Curiam.* This is a motion to set aside the nonsuit directed at the circuit; but the principal question raised is, whether the suit can be sustained by the executors of the sheriff against his gaoler, for a breach of duty. This is a special action on the case sounding in *tort.* The point would more properly have arisen on demurrer, or on a motion in arrest of judgment. If, however, the court should perceive, that the action will not lie, that reason would be sufficient not to interfere and set aside the nonsuit, when the counsel have raised and argued the point.

When a deputy sheriff or gaoler commits a breach of duty, in regard to their trust, the usual course for the principal is to resort to his bond of indemnity; and if he has omitted to take one, it would seem from the case of *Atterton*

(a) In *Jones* v. *Hart*, (2 *Salk.* 441.) *Holt*, Ch. J. said, that an action on the case would lie against a *gaoler* for a *wilful* escape.

v. *Harward*, (*Cro. Eliz.* 349. 1 *Roll. Abr.* 98. B. c. 1, and 2.) that the gaoler is only answerable in *assumpsit*, on his implied undertaking to serve the sheriff with diligence and fidelity. Here he is not charged upon any contract, express or implied, but as a *tortfeasor*, for a voluntary escape and a breach of duty, when, in judgment of law, the sheriff himself is equally guilty.

But it is not necessary to place the cause upon that ground, nor do the court mean to give any decided opinion upon that point; because, admitting that the suit would lie, here was not the requisite evidence of a culpable negligence in the defendant, to justify a recovery against him; and for that reason the motion is denied.

Motion denied.